IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEVONSHAY T.A. HILLELAND,

    Defendant.

Case No. 19-CR-40059-HLT

## MEMORANDUM AND ORDER

Defendant Devonshay Hilleland moves to dismiss his felon-in-possession count because he contends that his predicate felony (Kansas burglary) is not "a crime punishable by imprisonment for a term exceeding one year." Doc. 12; *see* 18 U.S.C. § 922(g). He explains that he fell within a presumptive probation box on the Kansas sentencing grid for his burglary conviction and, therefore, could not have faced more than 12 months in prison. The Court disagrees. Because Defendant was required under Kansas law to be sentenced to a term of imprisonment and the presumptive sentencing range was 12 to 14 months imprisonment (suspended or not), the Court finds the burglary charge is a qualifying predicate felony and denies his motion.

## I. BACKGROUND

The grand jury returned an indictment charging Defendant with a violation of 18 U.S.C. § 922(g)(1), that is felon in possession of a firearm. The predicate felony is a 2018 Kansas state court conviction for burglary, in violation of K.S.A. § 21-5807(a)(1). Under the Kansas Sentencing Guidelines for the burglary conviction, which uses a grid box to determine sentencing, Defendant's conviction was designated as a level 7 person felony and his criminal history was a classification "H." This combination put him in a grid box that had a presumptive sentencing range of 12 to 14 months imprisonment and called for presumptive probation. The state court sentenced Defendant

to 13 months in prison, suspended, pending successful completion of 18 months of probation. Doc. 12-1 at 2-3. Defendant moves to dismiss the instant indictment on the basis that his Kansas burglary conviction is not a qualifying felony because it was punishable by only probation, not imprisonment for a term exceeding one year.

## II. STANDARD

A defendant may move to dismiss an indictment under Federal Rule of Criminal Procedure 12(b). This rule allows a party to raise by pretrial motion "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). Although these motions generally focus on the terms of the indictment, the court may dismiss charges at the pretrial stage when the operative facts are undisputed and the government does not object to the court's consideration of those facts. *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006).

In this case, the parties do not dispute the operative facts, and the government does not object to consideration of them. In fact, the government attaches the Kansas journal entry of judgment to its brief. Doc. 14-1. Thus, the Court finds that the relevant facts are not disputed, that the government does not object to their consideration, and that the Court can resolve this pretrial motion.

## III. ANALYSIS

Defendant is charged with violating 18 U.S.C. § 922(g)(1). This statute prohibits possession of a firearm by "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. . . ." Defendant moves to dismiss this charge on the basis that his Kansas burglary conviction is not a felony because it was not punishable by imprisonment for more than one year. To determine whether Defendant's Kansas burglary conviction is punishable by more than a year of imprisonment, the Court must look to Kansas law.

*See* 18 U.S.C. § 921(a)(20) (explaining that whether a crime is punishable by a year or more in prison is "determined in accordance with the law of the jurisdiction in which the proceedings were held").

Kansas courts use sentencing grids. Relevant here is the Kansas non-drug offense sentencing grid. K.S.A. § 21-6804(a). In using the grid, Kansas courts consider two factors: the severity of the offense, which is defined by statute, and the defendant's criminal history. *Id.* at § 21-6804(c). After these two factors are known, the state court can identify the appropriate grid box. Each grid box contains three numbers. *Id.* at § 21-6804(a). These numbers represent the presumptive imprisonment sentence length: the high number is the aggravated length, the middle number is the standard length, and the lower number is the mitigated sentence length. *Id.* at § 21-6804(e)(1). The grid boxes also have colors that correspond to the sentence type. There are three types of sentence dispositions: presumptive probation, presumptive prison, and border boxes. *Id.* at § 21-6804(a). For defendants who fall in a presumptive-probation grid box and for whom no exception applies, the "disposition shall be nonimprisonment." *Id.* at § 21-6804(f). But the sentencing court must still pronounce both a prison sentence within the grid box range and the duration of the non-prison sanction. *Id.* at § 21-6804(e)(3).

For his burglary conviction, Defendant's conviction was designated as a level 7 person felony and his criminal history was a classification "H." This combination put him in a grid box that had a sentence length of 12 to 14 months in prison, and the sentence type was presumptive probation. Because his grid box was presumptive probation, the presumptive disposition was nonimprisonment and the requirements for an exception to this disposition were not met in Defendant's state court case. The state court judge sentenced him to 13 months in prison, suspended pending successful completion of 18 months of probation.

Because the applicable grid box was presumptive probation and an exception did not apply to his case, Defendant contends that the only possible sentence type was probation and, therefore, his state court conviction was not punishable by a term of imprisonment exceeding one year absent inclusion of hypothetical enhancements. To support this argument, Defendant relies on *United States v. Brooks*, 751 F.3d 1204, 1213 (10th Cir. 2014), and *United States v. Romero-Leon*, 622 Fed. Appx. 712, 718 (10th Cir. 2015).[1] But these cases are inapposite and do not resolve the question raised in this case, namely whether a defendant has a predicate felony under 18 U.S.C. § 922(g)(1) when the underlying crime is a Kansas state court crime and the sentencing guidelines call for a presumptive imprisonment range exceeding 12 months, a presumptive probation disposition, and no exception to the presumptive disposition applies.

Three decisions from this district address this question, and all three answer it in the affirmative. *See United States v. Wheaton*, 337 F. Supp. 3d 1107, 1122 (D. Kan. 2018) (concluding the defendant had a predicate felony despite a presumptive probation disposition); *United States v. Sawyer*, 2018 WL 572094, at *2-3 (D. Kan. 2018) (holding that the defendant had a predicate felony despite a presumptive probation disposition and noting that "[n]othing in the definition of felony requires the defendant actually serve the term of imprisonment"); *United States v. Nichols*, 2018 WL 420029, at *9 (D. Kan. 2018) (finding that the defendant had a predicate felony even though his underlying state court conviction had a grid box showing an imprisonment range of 11 to 13 months with a presumptive probation disposition).

---

[1] In *Brooks*, the Tenth Circuit rejected the inclusion of "hypothetical" enhancements and held that "in determining whether a state offense was punishable by a certain amount of imprisonment, the maximum amount of time a *particular* defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received." 751 F.3d at 1213. The Tenth Circuit reaffirmed this holding in *Romero-Leon* when it held that the defendant's convictions were not predicate convictions under the Armed Career Criminal Act ("ACCA") because the government did not seek a departure and, thus, the most the defendant could have received was nine years (not the ten years required by the ACCA). 622 Fed. App'x at 718.

*Wheaton* is the most recent case and involves an underlying Kansas state conviction that fell in a grid box that had a presumptive sentencing range of 12 to 14 months in prison and a presumptive probation disposition. In *Wheaton*, the court analyzed the existing case law and stated that, while not controlling, *Sawyer* and *Nichols* were persuasive. The court then explained that "the maximum prison term that could have been imposed on Defendant was 14 months, which is more than one year" and "[u]nlike in *Brooks*, the sentencing court was not required to do any additional fact-finding in order to sentence Defendant to a term of 14 months." *Wheaton*, 337 F. Supp. 3d at 1122. The court highlighted that probation is an alternative to serving the custodial sentence imposed and "is not a sentence in Kansas." *Id.*; *see also State v. Carr*, 53 P.3d 843, 850 (Kan. 2002) (holding probation is separate from the sentence). The court ultimately concluded that the defendant had a predicate felony under 18 U.S.C. § 922(g)(1) because the state court was required to sentence him to a term of imprisonment and the maximum potential term was 14 months.

The Court agrees with the rationale in *Wheaton* and concludes that it is the presumptive sentencing range and not the presumptive disposition that determines whether a Kansas state court conviction is a predicate felony under 18 U.S.C. § 922(g). Here, Defendant's grid box has a presumptive sentencing range of 12 to 14 months in prison.[2] The state court was required to impose a term of imprisonment (suspended or not) and could sentence Defendant to up to 14 months without making any additional factual findings. Because the Court does not rely upon hypothetical sentencing enhancements in finding that Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year, his motion fails.

---

[2] Defendant does not contest that the guidelines permitted a sentence exceeding one year without enhancements. *See* K.S.A. § 21-6804(e)(1) (stating that the courts have discretion to sentence a Defendant "at any place within the sentencing range"); *see also United State v. Neel*, 641 Fed. App. 782, 790-91 (10th Cir. 2016) (holding that the state court's discretion to impose a lesser sentence did not make the maximum sentence of four years "hypothetical" under *Brooks* because there was nothing more the prosecutor needed to charge or prove for the court to impose the maximum).

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendant's Motion to Dismiss the Indictment (Doc. 12) is DENIED.

IT IS SO ORDERED.

Dated: March 24, 2020 /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE